UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| SHONTAY SHEARER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 05-CV-1189 CAS |
| ) | |
| ILLINOIS NATIONAL INSURANCE , ) | |
| COMPANY (INCORRECTLY IDENTIFIED ) | |
| AS AIG NATIONAL INSURANCE ) | |
| COMPANY, INC. ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER OF REMAND

This personal injury matter is before the Court on plaintiff's motion to remand. The Court will remand the matter for the reasons set forth below.

Plaintiff filed this action in the Circuit Court of the City of St. Louis, State of Missouri. Plaintiff obtained service on defendant Illinois National Insurance Company, incorrectly identified as AIG National Insurance Company, Inc., on or about June 29, 2005. On June 29, 2005 defendant filed its notice of removal to this Court on the basis of diversity jurisdiction.

Plaintiff now moves to remand, stating under oath that her damages do not exceed $75,000,00. In support, plaintiff submitted an affidavit of herself and counsel that the amount in controversy does not exceed $75,000,00. Defendant did not file a response to the motion.

This Court must "be attentive to a satisfaction of jurisdictional requirements in all cases." Sanders v. Clemco Indus., 823 F.2d 214, 216 (8th Cir. 1987). Removal statutes are strictly construed, and any doubts about the propriety of removal are to be resolved in favor of remand. In re Business Men's Assur. Co. of America, 992 F.2d 181, 183 (8th Cir. 1993). While a defendant has a statutory right to remove in certain situations, the plaintiff is still the master of his own claim. See

Caterpillar Inc. v. Williams, 482 U.S. 386, 391 & n.7 (1987); see also Burns v. Windsor Ins. Co., 31 F.3d 1092, 1095 (11th Cir. 1994) ("[d]efendant's right to remove and plaintiff's right to choose his forum are not on equal footing"; consequently, "uncertainties are resolved in favor of remand.")

In a case based upon this Court's diversity jurisdiction, the amount in controversy must exceed $75,000.00, exclusive of interest and costs, 28 U.S.C. § 1332(a). Further, rather than allegations of each party's place of residence, there must be allegations of each party's place of citizenship, including allegations of any corporate party's state of incorporation and principal place of business. 28 U.S.C. §§ 1332(a), 1332(c)(1); see Sanders v. Clemco Industries, 823 F.2d 214, 215 n.1 (8th Cir. 1987).

Having considered the arguments and record material, the Court finds defendant has failed to show to a legal certainty that plaintiff will recover an amount in excess of $75,000.00.

For the foregoing reasons, the Court concludes that it lacks subject matter jurisdiction over this action, and the same should be remanded to state court.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to remand is **GRANTED.** (Doc. No. 5.)

**IT IS FURTHER ORDERED** that this case is **REMANDED** to the Circuit Court for the City of St. Louis, Missouri.

                                               **CHARLES A. SHAW**
                                               **UNITED STATES DISTRICT JUDGE**

Dated this 12th day of September, 2005.